**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

    **V.**                                  **16-cr-0088(CKK)**

**DAVID BERNIER**

**MEMORANDUM IN AID OF SENTENCING AND DEFENDANT'S REQUEST THAT HE BE ALLOWED TO CONTINUE ON SUPERVISED RELEASE**

Defendant, by and through undersigned counsel, does hereby submit this Sentencing Memorandum in support of this request that he be permitted to continue on supervised release.

## I. INITIAL CONSIDERATIONS

a.    The violation determined by the Court is a Class C violation and not a Class B violation. The United States did not meet its burden of proving that defendant engaged in conduct that would constitute an offense punishable by a term of imprisonment in excess of one year. Accordingly, the 4 to 10 month sentencing range for a Grade C violation is outside the sentence contemplated by the Sentencing Guidelines. *See U.S.S.G § 7B1.4*

b.      Defendant incorporates by reference all past arguments concerning his personal, family, military history and documents submitted in support of his earlier sentencing before this Court and makes all prior allocutions a part of this proceeding.

## II. A PERIOD OF IMPRISONMENT IS NOT NECESSARY AND IMPOSITION OF A PERIOD OF COMMUNITY SERVICE BETTER SERVES THE NEEDS AND INTERESTS OF THE COMMUNITY

The previously addressed medical concerns of defendant's mother have significantly deteriorated since defendant last appeared before this Court for sentencing. Attached hereto and identified as defendant's Exhibit #1 is a four page letter from defendant's mother Theresa Bernier. Ms. Bernier can no longer operate a motor vehicle and is dependent upon her two sons to enable her to remain in her home. She corroborates defendant's essential assistance to her in terms of preparing meals, doing housework, operating the remote control to the spinal stimulator implanted in her back and manages her medical appointments and medications.

Ms. Bernier currently receives care from MaineHeath and hospice care at home. The spinal stimulator implant in her back impedes the ability of family members to place her in a skilled nursing home as the level of care and technology required to operate the stimulator is cumbersome. Defendant and his brother have the necessary proficiency to operate the spinal equipment.

Ms. Bernier further documents the effects of PTSD on defendant's state of mind. The PTSD is not self-inflicted. Rather, it is a consequence of the events experienced by defendant during his twenty years of voluntary service to the United States Armed Forces. In sum, defendant is a caring, loving and devoted son to his seriously ill mother and an essential component in her ability to lead a life within her own home and outside the confines of an assisted living facility.

Defendant's Exhibit #2, from Dr. Steven Cutone, DO of the Southern Maine Medical Center, corroborates the medical ailments being experienced by defendant's mother. The Exhibit corroborates the need for round the clock care by defendant and his brother.

Attached hereto and identified as defendant's Exhibit # 3 is a letter from Douglas Bennett, PA-C of Urology Associates of York Hospital. The letter confirms that defendant is HIV positive and indicates that he has an elevated prostate-specific antigen. Defendant's family history of cancer is cause for concern in this regard and he is scheduled for a follow-up PSA screening on December 3, 2018 to determine whether a prostate biopsy will be necessary to evaluate if prostate cancer is present.

Defendant's Exhibit #4, a letter from the brother of defendant, emphasizes the

challenges presented by caring for their mother and the need for defendant's assistance in the providing of the care.

Defendant's Exhibit #5, a letter from defendant's treating psychologist Dr. Nicoloff, reiterates her concerns that he is going through a rough period, but his long-term prognosis is positive." Defendant notes that continuation of his therapy with Dr. Nicoloff is an important component to his recovery.

Defendant submits that a non-custodial sentence is sufficient to deter others. In analyzing the factors set out in 18 U.S.C. § 3535 (a), defendant requests the Court consider the purposes for consideration of deterrence and the importance is assessing that need in the context of the full measure of the human being who is before the Court.

David Bernier appears before this Court as a man in his 50's who, for the most part, has led a productive life that includes service to his country and dedication to his family. He is a loving son and brother, an honorably discharged member of the Armed Services and a person who has substantially contributed to the betterment of his community.

David Bernier has indeed suffered severe consequences as a result of his criminal conduct. He is financially ruined, has lost the respect of many lifetime friends, is

no longer employable in the profession for which he received his doctorate, has a permanent criminal record and has served a period of incarceration in a federal prison.

Deterrence will not be served by an additional prison sentence. Defendant submits that continuing him on supervised release with strict requirements related to community service and any other conditions deemed appropriate by the Court will satisfy the need for deterrence. See *United States v. Stewart*, 590 F.3d 93,141 (2d Cir. 2009) ("need for deterrence and protection of the public is lessened because the conviction itself already visits substantial punishment on the defendant.") See also *United States v. Coughlin*, No. 06-20005, 208 U.S. Dist. LEXIS 11263, at *27 (W.D. Ark. 2/1/08) (In sentencing Thomas Coughlin, the former chief operating officer of Wal-Mart, the Court found that a sentence of probation and home detention was "capable of deterring corporate executives like Coughlin, who cherish their freedom of movement and right of privacy, from engaging in conduct similar to Coughlin's).

The Supreme Court has recognized the wide latitude provided to trial courts in fashioning a sentence that fits the individual who is facing sentencing.

> Consistent with the principle that the punishment shall fit the offender and not merely the crime, this Court has observed a consistent and uniform policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed….district

> courts may impose sentences within statutory limits based upon appropriate consideration of all of the § 3553 (a) factors.

*Pepper v. United States*, 562 S.Ct. 476 (2011).

### III. CONCLUSION

There are alternatives to incarceration that can satisfy the concerns that are to be considered by the Court. Community service imposes conditions on the defendant that can be beneficial to the community, serves as a sanction against defendant and will serve as a notice of deterrence to any other person engaged in the type of conduct for which defendant has been convicted. In addition, it will allow defendant to provide much needed care to his mother while still addressing the factors set forth in §3553.

Defendant has proven he can and will satisfy community services requirements. He asks that he be permitted to perform additional community service requirements in a location deemed appropriate to the Court.

Respectfully submitted,

\_\_\_\_\_/s/_____
Steven R. Kiersh #323329

                                              533 Wisconsin Avenue, N.W.
                                              Suite 440
                                              Washington, D.C.  20015
                                              (202)347-0200

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via ECF, upon all counsel of record on this the 30th day of September, 2018.

                                              _____/s/_____
                                              Steven R. Kiersh