UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No.  16-cr-88 |
| v. : | |
| : | |
| DAVID BERNIER, : | |
| : | |
| Defendant : | |

## MEMORANDUM IN AID OF SENTENCING

The defendant is before the Court for the third time in four years for sentencing.  For his underlying offense, Bernier was sentenced to six months' incarceration and two years' supervised release.  He has repeatedly violated his conditions of supervised release and flouted this Court's orders, including by, most recently, committing another violation of his conditions of supervised release while other alleged violations were pending before this Court.  He appears incapable of or unwilling to abide by the reasonable constraints on his liberty this Court has imposed and should be sentenced to a substantial period of incarceration for his most recent violations.

### I.      Background

Bernier was convicted in 2016 of forging documents and otherwise making false representations in an attempt to obtain nearly $1 million from a settlement fund set up to pay for wrongful foreclosures on veterans' homes.  For that conduct, the defendant was sentenced to six months' incarceration followed by 24 months' supervised release.

In 2018, the United States Probation Office ("USPO") alleged that Bernier had violated his conditions of supervised release in a number of ways.  These included the repeated use of unauthorized computers, false statements to the USPO, and the commission of a new offense (Lewdness, Exposure of Sex Organs) in Florida.  ECF 42.  While those alleged violations were

pending, the defendant committed additional violations of his conditions of supervised release by accessing the internet without authorization. ECF 49. Following a contested evidentiary hearing, this Court found that the defendant had committed 12 violations of his conditions of supervised release. ECF 65. For those violations, the defendant was sentenced in October 2018 to six months' incarceration followed by 24 months' supervised release.

## II.     Instant Violations of Supervised Release

Bernier is now alleged to have committed four new – but strikingly similar – violations of his conditions of supervised release. Specifically, on February 21, 2020, the USPO alleged that Bernier had (1) committing a new offense (Indecent Conduct) ("Violation One") and (2) used an authorized computer and failed to follow the instructions of his probation officer ("Violation Two"). ECF 101. A few weeks later, on March 6, 2020, the USPO alleged that Bernier had committed an additional violation of his conditions of supervised release by again using an unauthorized computer ("Violation Three"). ECF 103. Specifically, the USPO wrote that it "believes Mr. Bernier created the email and PowerPoint and from an unknown device [and]… engag[ed] in retaliatory behavior against the witness in the January 5, 2020, indecent exposure conduct" alleged in Violation One. ECF 103. While those alleged violations were pending, on April 21, 2020, the USPO filed an additional alleged violation report alleging that the defendant used an unauthorized computer and email address when he sent an email to a former colleague in Washington state in which he "threatened to ruin the colleague's reputation by telling others about the colleague's personal life" ("Violation Four"). ECF 114. Counsel for the defendant has informed the government that the defendant will admit only to Violations Two and Three.

On their own, these violations are serious and warrant a sentence of incarceration. The context in which they were committed only heightens their seriousness and the need for a

substantial sentence. Namely, the defendant violated his conditions of release (a) after having already had his supervised release revoked for similar violations, (b) while other alleged violations were pending disposition, and (c) with respect to Violation Four, after the Court had mere weeks ago added more restrictive conditions of his supervision. The defendant has therefore demonstrated and he is unwilling to abide by his conditions of release and will continue to flout this Court's authority if he is not incarcerated. A substantial period of confinement is warranted for these violations.

TIMOTHY J. SHEA
United States Attorney

By:     /s/
Peter C. Lallas
New York Bar No. 4290623
Assistant United States Attorney
Fraud & Public Corruption Section
555 Fourth Street, N.W.
Washington, DC 20530
(202) 252-6879
Peter.Lallas@usdoj.gov