UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 1:16-CR-00088 (CKK) |
| ) | |
| DAVID BERNIER ) | |

## DEFENDANT'S RENEWED EMERGENCY MOTION
## FOR COMPASSIONATE RELEASE

NOW COMES Defendant DAVID BERNIER, by and through undersigned counsel, and submits this renewed motion for a merits decision on his Emergency Motion for Compassionate Release, presenting updates and information in support of his request for an expeditious ruling.

Mr. Bernier has now served more than 5 months of a 9-month sentence. He therefore has now served over 60% of the sentence this Court imposed – the threshold established in Attorney General Barr's Memorandum for administrative relief to be granted under the First Step Act. That Memo does not govern this Court's discretion, but relief would be within those parameters.

The equities also favor relief because Mr. Bernier's 60% has all been spent so far at FCI Coleman – despite this Court's J&C recommending that he be designated to FPC Ft. Dix Camp. Admittedly, that recommendation was just that (not a mandate). But it also is undeniable that Mr. Bernier's prison experiences have been more punitive than this Court likely anticipated in imposing this sentence. As the Government's own filing also reveals, BOP had scheduled Mr. Bernier for transfer to a Camp on August 28, 2½ months ago, but due to a bureaucratic decision emanating from lockdowns in the wake of COVID-19 cases, Mr. Bernier did not get this transfer that otherwise would have occurred. He thus continues to be housed in a higher-security

1

environment. By now, Mr. Bernier has served a significant sentence in conditions worse than any of the parties in this case anticipated, and worse than those he has ever encountered before.

Given Mr. Bernier's medically compromised situation, this Court now has clear authority to grant compassionate release. The only question is whether and/or when that relief may issue.

This Court has never denied Mr. Bernier's Motion.[1] Rather, the Court has apparently taken Mr. Bernier's *pro se* Motion under advisement, seeking updates on Mr. Bernier's situation. But such continued deferrals essentially equate to a denial. And a denial is unwarranted here.

By way of update, Mr. Bernier's situation has only worsened. He remains as FCI Coleman, and reports that on October 29, the unit in which he was located was closed. He was then moved from "C" building into Unit A-4, where inmates are being placed in 3-man cubicles, sleeping within three feet of other roommates. The prison began testing those from the "C" building, but after 21 such inmates tested positive, the prison apparently discontinued such tests, fearing negative publicity. Mr. Bernier reports that an officer recently told him that at last count, 12 Coleman inmates are in local hospitals and/or on ventilators. It is believed that BOP has continued to underreport the number of COVID-positive inmates on its www.bop.gov website since its huge reported Coleman inmate numbers went down,[2] since, for the past 3 months (since August), FCC Coleman has continued to report some 22 staff members as positive (since the prison guard union likely insists on those being reported). Since being moved, commissary items in Mr. Bernier's locker have been stolen, his glasses have been broken, and fights have occurred (including 2 recent stabbings) as he was placed into a population with more hardened criminals.

---

[1] This Court has also not yet ruled on Mr. Bernier's request that Government unsealed responsive filings, which discuss his confidential medical diagnosis, should appropriately be ordered sealed.
[2] Mr. Bernier reports that the previous Warden of FCI Coleman Low, Kathy P. Lane, recently retired after allegations of mismanagement during Coleman's COVID-19 outbreak, and Coleman's overall complex Warden also was apparently recently relieved of his duties.

Mr. Bernier's mother also recently went in for cancer surgery on October 30, and the pathology results came back as malignant.  Because her cancer is not isolated to the kidneys and has metastasized to her ureter and vagina, her surgeon did not perform major surgery due to her age.  Mr. Bernier's mother has since elected chemotherapy to try to extend her life, hopefully until Mr. Bernier is released, but she will be suffering the sickness and other natural side effects of chemotherapy, and would greatly benefit from having Mr. Bernier home to help care for her.

During his time at FCI Coleman, Mr. Bernier also reports that he has not regularly been receiving his Wellbutrin and other prescriptions, contrary to his diagnosed PTSD, depression and other medical needs.  Undersigned counsel thus conveys:  Mr. Bernier frankly appears to be as depressed and despondent as undersigned counsel has ever experienced.  Mr. Bernier attempted to improve himself while incarcerated, as his previous submissions verify.  But he now appears unusually distraught, due to his own stressful circumstances as well as his mother's situation.

Undersigned counsel therefore calls upon this Court for a prompt ruling.  The reality is now plain that Mr. Bernier will *never* be transferred to a Camp, as this Court may have hoped.  He is currently scheduled to be released to a halfway house on January 12, 2021 – less than two months from now.  And his own needs, and those of his mother, call for compassionate release.

Mr. Bernier and his counsel therefore request an expedited decision on this Motion.

This 19th day of November, 2020.

          Respectfully submitted,

           /s/ Gregory S. Smith
          Gregory S. Smith
          D.C. Bar No. 472802
          Law Offices of Gregory S. Smith
          913 East Capitol Street, S.E.
          Washington, D.C. 20003
          (202) 460-3381
          gregsmithlaw@verizon.net

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANT'S RENEWED EMERGENCY MOTION FOR COMPASSIONATE RELEASE is being served upon counsel for the United States through this Court's Electronic Case Filing (ECF) system.

This 19th day of November, 2020

                                            /s/ Gregory S. Smith
                                            Gregory S. Smith